UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO III

v. C.A. No. 7-00130-WGY

USA

MOTION FOR COA

Now comes Petitioner to move for issuance of a Certificate of Appealability, for the reasons stated in his accompanying memorandum.

Petitioner, pro se,

4-23-07

Arthur D'Amario III

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO III

v. No. 7-cv-130WGY

USA

MEMORANDUM

Petitioner applies for a COA to argue the following issues:

1) His exhibits prove judicial fraud and corruption by then-Chief Judge Torruella (2001) and Chief Judge Boudin (3/6/03). The case was improperly assigned by Judge Lisi to a trial judge within the First Judicial Circuit. 28 USC 455(a) requires vacatur and reassignment to a judge from without this Circuit.

2) Equitable tolling applies to 28 USC 2255 motions. Solomon v. U.S., 467 F.3d 928 (6th Cir. 2006) (filing deadline tolled by transfers and lack of access to law library). Judges Torruella and Boudin lied to Petitioner in their 3/6/03 letter to cover up their biases and conflicts. Release of those USMS records under FOIA on 3/16/07 tolled the time for filing until the date of discovery. Section 2255(2, 4). See also RIGL Section 9-1-20 (tolling based on fraudulent concealment). Petitioner had one year to file from 3/16/07.

3) The petition seeks to correct a structural defect in the appellate processes and is not a "filing" as contemplated by 28 USC 2244(b)(3)(C). Lang v. U.S., 474 F.3d 348, 351-52 (6th Cir. 2007) (numerically second 2255 motion raising claim barred from first does not require leave from Circuit); In re Bowen, 436 F.3d 699, 704 (6th Cir. 2006) (same). A 2255 motion to rescue a right of appeal is not a "filing." Johnson v. U.S., 362 F.3d 636, 638 (9th Cir. 2004). Even if construed as a Rule 60(b) independent action to reopen the initial 2255 proceeding (C.A. No. 1-0097T), such motion attacking a defect in the integrity of federal habeas action is procedurally proper and not a new "claim." Gonzalez v. Crosby, 162 L.Ed.2d 480, 493 (U.S. 2005).

4) The newly proven fact that appellate panels were secretly colluding with prosecutors and lying to deny it voids every Judgment. U.S. v. Barnwell, 477 F.3d 844 (6th Cir. 2007) (rev'g convictions over ex parte contact).

While Judge Young's intent is to be fair, Section 455(a) obligates this entire Circuit to recuse and pass the instant motion for COA to an outside trial judge. In the coming weeks, 100% of the doomed pleadings submitted by Petitioner since March 1999 in First Circuit courts will be refiled for relitigation before impartial tribunals. The police-and-courts conspiracy to frame him with anonymous greeting cards is crumbling.

Petitioner, pro se,

4-23-07

Arthur D'Amario III